UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FAITH McKINSEY, on behalf of herself and others similarly situated,<br>PLAINTIFF | : : : : : | Case No. _____ |
| V. | : : | |
| THOMAS HEALTH CARE, LLC, KAREEN THOMAS, AND WAYNE THOMAS,<br>DEFENDANTS | : : : : : | DECEMBER 5, 2023 |

### F.L.S.A. COLLECTIVE and RULE 23 CLASS ACTION COMPLAINT

**I.   Introduction**

1. Under both state and federal law, employees shall not work more than forty hours in a workweek unless paid at a rate at an "overtime" rate of at least one-and-one-half times their normal rate. See Fair Labor Standards Act ("F.L.S.A.") 29 U.S.C § 207(a)(1); Connecticut Wage Act ("C.W.A."), C.G.S. § 31-68, *et seq.*

2. Employers of workers who provide companionship services may claim an exemption from paying the overtime rate to such workers *unless the employer is a homecare agency or third-party employer* (rather than an individual or family who directly employs the worker for their own or their family's own personal care). 29 C.F.R. § 552.109; see also Wage & Hour Div., Fact Sheet # 79A, 79A: Companionship Services Under the Fair Labor Standards Act (FLSA) (September 2013), available at www.dol.gov/agencies/whd/fact-sheets/79a-flsa-companionship (last accessed 12/3/2023).

3. Here, defendants Thomas Health Care, LLC, Kareen Thomas and Wayne Thomas (collectively "Defendants") violated the F.L.S.A. and C.W.A. by failing to fully compensate

plaintiff Faith McKinsey ("Plaintiff") and other similarly situated home care employees by failing to pay their workers at an overtime rate for their hours worked over forty hours in a given workweek.

4. Defendants' violations of the F.L.S.A. were willful in that Defendants acted with reckless disregard to the rights of the Plaintiff and other similarly situated home care employees.

5. Defendants also failed to take active steps to learn and comply with the requirements of the F.L.S.A and C.W.A.

6. Plaintiff Faith McKinsey, on behalf of herself and others similarly situated, now seeks damages for the harm caused by Defendants' unlawful conduct and wage theft, including but not limited to lost wages, liquidated damages, penalty damages, interest, attorney fees, costs, and all other remedies available under state and federal law.

## II. Parties

7. Defendant Thomas Health Care, LLC ("Defendant Thomas Health Care"), is a domestic limited liability company with its main headquarters at 368 Spring Street, Meriden, Connecticut 06410, and registered to do business in the State of Connecticut as a company which provides home health care services to the public pursuant to NAICS sub code 621610 ("Home Health Care Services").

8. Defendant Thomas Health Care was at all relevant times an "employer" of Faith McKinsey and other similarly situated home health aides as that term is defined by the F.L.S.A. and the C.W.A. 29 U.S.C.A. § 203; C.G.S. § 31-58(d).

9. Defendant Kareen Thomas is an individual who resides in Meriden, Connecticut, and was at all relevant times an "employer" of Faith McKinsey and other similarly situated home

2

health aides as that term is defined by the F.L.S.A. and the C.W.A. 29 U.S.C.A. § 203; C.G.S. § 31-58(d).

10. Defendant Wayne Thomas is an individual who resides in Meriden, Connecticut, was at all relevant times an "employer" of Faith McKinsey and other similarly situated home health aides as that term is defined by the F.L.S.A. and the C.W.A. 29 U.S.C.A. § 203(d); C.G.S. § 31-58(d).

11. Plaintiff Faith McKinsey ("Plaintiff" or "McKinsey") is an individual who at all relevant times hereto has resided in New Britain, Connecticut, and was an employee of Defendants as that term is defined by the F.L.S.A. and C.W.A. 29 U.S.C.A. § 203(e); C.G.S. § 31-58(e).

**III.     Jurisdiction and Venue**

12. This Court has federal question jurisdiction over Plaintiff's federal claims under the F.L.S.A. pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391.

**IV.     Facts**

14. Plaintiff worked for Defendants as a home health aide from January of 2022 to November of 2022.

15. Plaintiff primarily worked with one consumer at a time, always in the consumer's home in Connecticut.

16. Plaintiff's duties as home health aide consisted of watching over and assisting with activities of daily living, including but not limited to tasks such as cleaning the kitchen, washing dishes, trash removal, making bed, cleaning bathroom, vacuuming, preparing meals,

checking mail, restocking refrigerator, sanitizing and disinfecting, cleaning wheelchair, sweeping, mopping, assist with medications (reminders), assist with dressing, assist with physical therapy exercises, and many other home care activities.

17. Plaintiff earned an hourly rate of $15 per hour performing these and other similar tasks from in or about January 2022 to on or about November 27, 2022.

18. Plaintiff worked more than forty hours per week during many of her workweeks.

19. When Plaintiff worked more than forty hours in a given workweek, Defendants classified Plaintiff's compensation for those hours as straight-time compensation and paid the hours at Plaintiff's regular rate without using an overtime rate.

20. Defendants did not have any applicable "companionship" exemption to avoid payment of overtime for the work Plaintiff performed since Defendants were all third-party employers and did not employ Plaintiff in their own home(s).

21. Plaintiff's regular rate was $15.00 per hour, her overtime rate should have been paid at $22.50 per hour, and Defendants underpaid Plaintiff's overtime hours by her half-time rate of $7.50 per hour.

22. By way of example, Plaintiff's pay stub for the two-week period ending October 30, 2022 shows that Plaintiff worked ninety-two hours in the two-week period and received $1,380 in compensation for each hour at a rate of $15 per hour. Defendants did not pay Plaintiff at an overtime rate for the hours worked over forty in either workweek when Defendants were supposed to pay by law at least twelve overtime hours. Plaintiff was thus unlawfully underpaid for this two-week period by an amount not less than $90.00.[1]

---

[1] Backpay Damages = (Overtime Rate – Regular Rate) x overtime hours = ($22.50 - $15.00) x 12 hours = $90.00

23.     By way of further example, Plaintiff's pay stub for the two-week period ending May 29, 2022 shows that Plaintiff worked eighty-eight hours in the two-week period and received $1,320 in compensation for each hour at a rate of $15 per hour. Defendants did not pay Plaintiff at an overtime rate for the hours worked over forty in either workweek when Defendants were supposed to pay by law at least eight overtime hours.  Plaintiff was thus unlawfully underpaid for this two-week period by an amount not less than $60.00.[2]

24.     Defendants did not take active steps to learn and comply with the requirements of the F.L.S.A. or C.W.A. as they pertained to their requirement to pay an overtime rate for hours worked over forty in a given workweek to Plaintiff and other similarly situated employees.

25.     Defendants acted in willful disregard of the rights and protections which the F.L.S.A. as it pertained to the requirements to pay overtime to Plaintiff and other similarly situated employees.

26.     Defendant's unlawful conduct has been the direct and proximate cause of wage theft committed against Plaintiff and other similarly situated employees of the Defendant, causing harm and damages including but not limited to lost wages, lost interest, attorney fees, and costs.

**V.     Collective and Class Allegations**

27.     Plaintiff (Opt-In Form attached hereto) proposes the following two definitions respectively, for the collective claims brought under the F.L.S.A., and for the class claims brought under the C.W.A. pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to amendment upon filing Plaintiff's motion for conditional and / or class certification:

---

[2] Backpay Damages = (Overtime Rate – Regular Rate) x overtime hours = ($22.50 - $15.00) x 12 hours = $90.00

a. All of Defendants' non-exempt employees under the F.L.S.A. who worked more than forty hours in a given workweek, but were not paid at an overtime rate of one-and-one-half times the employee's regular rate for the hours worked over forty in a given workweek, from three years before the filing of the complaint to the date of final judgment in this matter.

b. All of Defendants' non-exempt employees under the C.W.A. who worked more than forty hours in a given workweek, but were not paid at an overtime rate of one-and-one-half times the employee's regular rate for the hours worked over forty in a given workweek, from two years before the filing of the complaint to the date of final judgment in this matter.

28. Plaintiff Faith McKinsey is an adequate class representative with no interests antagonistic to or in conflict with the putative classes she seeks to represent and will fairly and adequately protect the interests of the class; class counsel is skilled in the prosecution of class actions.

29. The class is so numerous that joinder of all members is impracticable. On information and belief, there are more than forty (40) individuals employed by Defendants in the proposed classes during the relevant period.

30. There are questions of law and fact common to the class, including whether the Defendants unlawfully failed to fully compensate putative class members for all working hours in violation of the F.L.S.A. and state law.

31. The claims of the Plaintiff are typical of those of the class members. The claims of Plaintiff encompass the challenged policies and *de facto* policies of the Defendant. Furthermore, the claims of the Plaintiff are based on the same legal theories as the claims of the putative class

members. The legal issues as to the violation of the F.L.S.A and state law by Defendants' conduct applies equally to Plaintiff and to the putative classes.

32. Common questions of law and fact predominate over questions affecting only individuals.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of adjudications because it presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

**VI.     Count One – F.L.S.A. Claims Against Defendant Thomas Health Care, LLC**

1-33. Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34. Defendant Thomas Health Care's conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the F.L.S.A. collective, including but not limited to lost wages. F.L.S.A., 29 U.S.C.A. § 207.

35. Defendant's conduct in this regard was a willful violation of the F.L.S.A. in that Defendant knew or should have known that it was required pay hours worked over forty in a given workweek at an overtime rate, but failed to do so, resulting in wage theft to Plaintiff and other employees similarly situated.

36. Plaintiff, on behalf of herself and others similarly situated, hereby claim damages for Defendant's violations of F.L.S.A., 29 U.S.C.A. § 207, including but not limited to lost wages, liquidated damages, attorney fees and court costs.

**VII.    Count Two – F.L.S.A. Claims Against Defendant Kareen Thomas**

1-33. Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34.     Defendant Kareen Thomas' conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the F.L.S.A. collective, including but not limited to lost wages.  F.L.S.A., 29 U.S.C.A. § 207.

35.     Defendant's conduct in this regard was a willful violation of the F.L.S.A. in that Defendant knew or should have known that she was required pay hours worked over forty in a given workweek at an overtime rate, but failed to do so, resulting in wage theft to Plaintiff and other employees similarly situated.

36.     Plaintiff, on behalf of herself and others similarly situated, hereby claim damages for Defendant's violations of F.L.S.A., 29 U.S.C.A. § 207, including but not limited to lost wages, liquidated damages, attorney fees and court costs.

**VIII.   Count Three – F.L.S.A. Claims Against Defendant Wayne Thomas**

1-33.   Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34.     Defendant Wayne Thomas' conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the F.L.S.A. collective, including but not limited to lost wages.  F.L.S.A., 29 U.S.C.A. § 207.

35.     Defendant's conduct in this regard was a willful violation of the F.L.S.A. in that Defendant knew or should have known that he was required pay hours worked over forty in a given workweek at an overtime rate, but failed to do so, resulting in wage theft to Plaintiff and other employees similarly situated.

36.     Plaintiff, on behalf of herself and others similarly situated, hereby claim damages for Defendant's violations of F.L.S.A., 29 U.S.C.A. § 207, including but not limited to lost wages, liquidated damages, attorney fees and court costs.

IX.     **Count Four – C.W.A Claims Against Defendant Thomas Health Care, LLC**

1-33.   Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34.     Defendant Thomas Health Care's conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the C.W.A. putative class, including but not limited to lost wages.  C.W.A., C.G.S. § 31-68.

35.     Plaintiff, on behalf of himself and others similarly situated, hereby claim damages for Defendant's violations of C.W.A., C.G.S. § 31-68., including but not limited to lost wages, penalty damages, attorney fees and court costs.

X.      **Count Five – C.W.A. Claims Against Defendant Kareen Thomas**

1-33.   Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34.     Defendant Kareen Thomas' conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the C.W.A. class, including but not limited to lost wages.  C.W.A., C.G.S. § 31-68.

35.     Plaintiff, on behalf of herself and others similarly situated, hereby claim damages for Defendant's violations of C.W.A., C.G.S. § 31-68, including but not limited to lost wages, penalty damages, attorney fees and court costs.

XI.     **Count Six – C.W.A Claims Against Defendant Wayne Thomas**

1-33.   Paragraphs 1 – 33 are hereby incorporated as if more fully set forth herein.

34.     Defendant Thomas Health Care's conduct in failing pay overtime hours at a lawful overtime rate has caused harm to Plaintiff Faith McKinsey and the F.L.S.A. collective, including but not limited to lost wages.  C.W.A., C.G.S. § 31-68.

35.     Plaintiff, on behalf of himself and others similarly situated, hereby claim damages for Defendant's violations of C.W.A., C.G.S. § 31-68, including but not limited to lost wages, penalty damages, attorney fees and court costs.

**XII.   Demand for Relief**

Wherefore, Plaintiff claims, individually and on behalf of all other similarly situated persons:

a. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants in non-exempt positions. Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Connecticut classes and the appointment of Plaintiff and their counsel to represent the classes;

c. Unpaid overtime wages under the FLSA;

d. Unpaid overtime wages under state law;

e. Withheld wages under state law;

f. Liquidated damages under the F.L.S.A.;

g. Penalty damages under Connecticut state law;

h. Pre-Judgment and post-Judgment interest under state and federal law;

i. Attorneys' fees and costs under the F.L.S.A. and state law;

j. Trial by jury; and

k. Such other and further relief as the Court deems just and equitable.

**THE PLAINTIFF,
FAITH McKINSEY**

**By: */s/ Sergei Lemberg***

**Sergei Lemberg, Esq.**

**Michael T. Petela, Jr., Esq.**

**Lemberg Law
43 Danbury Rd
Wilton, CT 06897
T: 203-653-2250
F: 203-653-3424
slemberg@lemberglaw.com
mpetela@lemberglaw.com
www.lemberglaw.com**