UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

| | | |
|---|---|---|
| FAITH MCKINSEY, | : | |
| | : | **MEMORANDUM &** |
| Plaintiff, | : | **ORDER GRANTING** |
| | : | **MOTION FOR** |
| -against- | : | **SETTLEMENT** |
| | : | **APPROVAL AND** |
| THOMAS HEALTH CARE, LLC, KAREEN | : | **DISMISSING CASE** |
| THOMAS, and WAYNE THOMAS, | : | |
| | : | 3:23-CV-01586 (VDO) |
| Defendants. | x | |

---------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

## I.    BACKGROUND

On December 5, 2023, Plaintiff Faith McKinsey brought this case as a class action under Rule 23 of the Federal Rules of Civil Procedure. (*See generally* Compl., ECF No. 1.) She alleged that, from January 2022 to November 2022, she worked more than forty hours per week as a home aide for Defendant Thomas Health Care, LLC. (*Id*. ¶ 18.) Defendants allegedly failed to pay Plaintiff at the correct overtime rate for those additional hours. (*Id*. ¶ 19.) She brought claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA").

On August 1, 2024, the parties notified the Court of an individual settlement agreement. (ECF No. 19.) In light of *Cheeks v. Freeport Pancakes House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court required the parties to move for settlement approval. Following an extension of time, the parties filed the required motion for settlement approval on September 26, 2024. (ECF No. 23.) On December 10, 2024, this Court scheduled a *Cheeks* hearing, also called a fairness hearing—the Court suggested to the parties that the non-disparagement provision, no-rehire provision, and broad release of claims might not pass muster under *Cheeks*. The Court

also noted that Plaintiff's counsel had not yet provided billing records in support of the requested attorney's fee. (ECF No. 24.) On December 13, 2024, Plaintiff filed billing records and a revised settlement agreement on the docket. (ECF No. 26.)

## II.    DISCUSSION

### A.    Legal Standard

In the Second Circuit, parties cannot settle FLSA claims without court approval. *See Cheeks*, 796 F.3d at 200. District courts must "review FLSA settlements for fairness." *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In so doing, courts consider, *inter alia*, the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). These factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risk faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. Courts must also determine whether the attorneys' fees requested are reasonable. *Fisher*, 948 F.3d at 602–05.

### B.    Application of *Wolinsky* Factors

Here, the first *Wolinsky* factor weighs in favor of approval. Plaintiff's lost wages come to $934, but under the settlement agreement, Plaintiff will receive $2,049. (ECF No. 23-2 at 2.) Thus, even accounting for liquidated damages, Plaintiff will receive more than her total estimated damages by entering into the settlement agreement. Courts in this Circuit have routinely approved settlement awards that make up a far smaller percentage of a plaintiff's total possible recovery. *See, e.g., Khan v. Yonkers Auto Ctr., Inc.*, No. 19-CV-5581 (KMK),

2022 WL 2866459, at *3 (S.D.N.Y. July 21, 2022) (approving FLSA settlement representing 28% of total possible recovery and 79% of base damages); *Mendoza v. Conn. Closet & Shelf, LLC*, No. 20-CV-1449 (KAD), 2021 WL 6497235, at *3 (D. Conn. Feb. 22, 2021) (approving settlement representing 54% of possible recovery).

The second and third factors also point towards approval. Parties represent in their joint brief that they will avoid burdens and expenses by settling the case at this stage in the litigation. (ECF No. 23-2 at 2–3.) Indeed, Plaintiff will avoid the expenses associated with class certification, and parties will avoid discovery and dispositive motions practice. In the same vein, Plaintiff faces litigation risk due to the small size of the class in question. For Defendants, the cost of litigation might exceed their exposure. (*Id*.)

In addition, the fourth and fifth factors weigh in favor of approval. As to the fourth, the lawyers on both sides have experience in wage and hour litigation. (*Id*. at 3.) In its scheduling order (ECF No. 18), issued in April 2024, the Court required the parties to engage in settlement discussions, but the parties didn't reach an agreement until August 2024. Finally, nothing in the record suggests fraud or collusion between the attorneys.

### C.    Additional Factors

Other factors may also preclude settlement approval. For instance, a plaintiff may not release claims unrelated to the wage-and-hour litigation. *See Cheeks*, 796 F.3d at 206. Nor can parties agree to certain confidentiality, non-disparagement, or no-rehire provisions. *E.g., Luna v. J.S. Held LLC*, No. 21-CV-03072 (JMW), 2023 WL 2214012, at *4 (E.D.N.Y. Feb. 24, 2023) (denying approval of settlement agreement because non-disparagement clause was overbroad); *Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (finding that an agreement by plaintiffs never to seek re-employment with defendant conflicted

with FLSA's remedial purpose). The revised settlement agreement contains none of these problematic elements. Parties have removed the non-disparagement and no-rehire clauses from the agreement, and they have narrowed the release provision. (*See* ECF No. 26.) By entering into the revised agreement, Plaintiff releases all claims "that were asserted against the [] Defendants in the Lawsuit." (*Id*. at 5.)

### D.   Attorney's Fees

The Court must also assess the fees sought by Plaintiff's counsel. In keeping with other courts in the Circuit, this Court assesses the reasonableness of the attorney's fee based on its percentage of the net settlement. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). "Courts in the Second Circuit have generally accepted as reasonable fees that represent no more than one-third of the total award." *Russell v. Broder & Orland, LLC*, No. 17-CV-1237 (VAB), 2018 WL 3104101, at *6 (D. Conn. June 22, 2018); *see, e.g., Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action."). However, the Second Circuit has cautioned district courts against implementing an "explicit limit on attorneys' fees," *Fisher*, 948 F.3d at 603, and courts sometimes award fees that exceed one third of the net settlement amount. *See, e.g., Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2021 WL 2000328, at *1 (S.D.N.Y. May 19, 2021). Those courts have "emphasized the fact that the individual plaintiff received 100% of the damages according to [] maximum possible recovery estimates, . . . or that the fee award was based on a contingency fee arrangement[.]" *Amaro v. Barbuto, LLC*, No. 16-CV-1581 (AJN), 2017 WL 476730, at *4 (S.D.N.Y. Feb. 2, 2017) (internal citations

omitted) (citing *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016)). Here, counsel seeks $2,000, or about half of the net settlement amount. This award exceeds the usual threshold, but under the settlement agreement, Plaintiff will receive more than her maximum possible recovery—for this reason, the Court finds the fee to be reasonable.

## III.    <u>CONCLUSION</u>

The Court **grants** the parties' motion for settlement approval (ECF No. 23). The Clerk is respectfully directed to close the file, without prejudice to reopening by **January 20, 2025**. Parties shall file a stipulation of dismissal by **January 20, 2025**.

**SO ORDERED.**

Hartford, Connecticut
December 19, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

5